**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA**

**STATE OF NEBRASKA, by and through
JON BRUNING, ATTORNEY GENERAL
OF THE STATE OF NEBRASKA;**

**STATE OF SOUTH CAROLINA, by and through**      **COMPLAINT**
**ALAN WILSON, ATTORNEY GENERAL
OF THE STATE OF SOUTH CAROLINA;**          **Case No:_____**

**BILL SCHUETTE, ATTORNEY GENERAL
OF THE STATE OF MICHIGAN, ON BEHALF
OF THE PEOPLE OF MICHIGAN;**

**STATE OF TEXAS, by and through
GREG ABBOTT, ATTORNEY GENERAL
OF THE STATE OF TEXAS;**

**STATE OF FLORIDA, by and through
PAM BONDI, ATTORNEY GENERAL
OF THE STATE OF FLORIDA;**

**STATE OF OHIO, by and through
MICHAEL DeWINE, ATTORNEY GENERAL
OF THE STATE OF OHIO;**

**STATE OF OKLAHOMA, by and through
SCOTT PRUITT, ATTORNEY GENERAL
OF THE STATE OF OKLAHOMA;**

**SISTER MARY CATHERINE, CK, an
individual;**

**STACY MOLAI, an individual;**

**CATHOLIC SOCIAL SERVICES, a Nebraska
non-profit corporation;**

**PIUS X CATHOLIC HIGH SCHOOL, a
Nebraska non-profit corporation**

**and**

**THE CATHOLIC MUTUAL RELIEF
SOCIETY OF AMERICA, a Nebraska non-
profit corporation;**

     **Plaintiffs,**

**v.**

**UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES;
KATHLEEN SEBELIUS, in her official
capacity as the Secretary of the United States
Department of Health and Human Services;
UNITED STATES DEPARTMENT OF
THE TREASURY; TIMOTHY F.
GEITHNER, in his official capacity as the
Secretary of the United States Department
of the Treasury; UNITED STATES
DEPARTMENT OF LABOR; and HILDA
L. SOLIS, in her official capacity as Secretary
of the United States Department of Labor,**

     **Defendants.**

_____

## <u>COMPLAINT</u>

     Plaintiffs, STATE OF NEBRASKA, by and through JON BRUNING,

ATTORNEY GENERAL OF THE STATE OF NEBRASKA, STATE OF SOUTH

CAROLINA, by and through ALAN WILSON, ATTORNEY GENERAL OF THE

STATE OF SOUTH CAROLINA, BILL SCHUETTE, ATTORNEY GENERAL OF

THE STATE OF MICHIGAN, ON BEHALF OF THE PEOPLE OF MICHIGAN,, STATE OF TEXAS, by and through GREG ABBOTT, ATTORNEY GENERAL OF THE STATE OF TEXAS, STATE OF FLORIDA, by and through PAM BONDI, ATTORNEY GENERALOF THE STATE OF FLORIDA, STATE OF OHIO, by and through MICHAEL DeWINE, ATTORNEY GENERAL OF THE STATE OF OHIO, STATE OF OKLAHOMA, by and through SCOTT PRUITT, ATTORNEY GENERAL OF THE STATE OF OKLAHOMA, SISTER MARY CATHERINE, CK, STACY MOLAI, CATHOLIC SOCIAL SERVICES, PIUS X CATHOLIC HIGH SCHOOL, and THE CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, file this action against Defendants, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES ("HHS"); KATHLEEN SEBELIUS, in her official capacity as the Secretary of HHS; UNITED STATES DEPARTMENT OF THE TREASURY ("Treasury"); TIMOTHY F. GEITHNER, in his official capacity as the Secretary of the Treasury; UNITED STATES DEPARTMENT OF LABOR ("DOL"); and HILDA L. SOLIS, in her official capacity as the Secretary of DOL (collectively, the "Federal Government"), and state:

## BACKGROUND

1.      In this action, Plaintiffs challenge the constitutionality of a regulation promulgated by the Federal Government which would coerce religious organizations, institutions, care providers, outreach groups, and social service agencies, among others, to directly subsidize contraception, abortifacients, sterilization, and related services in contravention with their religious beliefs.

2.      The First Amendment to the United States Constitution protects the free exercise of religion and the freedom of speech by forbidding the Federal Government from directing individuals and organizations to subsidize, promote, or affirm products, services, and activity in direct contravention with the tenets of their religious faith.

3.      The First Amendment has, for centuries, served as a rampart against government interference with religious liberty.

4.      The Federal Government's regulation, which Plaintiffs challenge herein, would break through that rampart and leave countless additional religious freedoms vulnerable to government intrusion and negation through coercion.

5.      The Federal Government's regulation is an unprecedented invasion of the Plaintiffs' First Amendment rights to free speech, free exercise of religion, and free association.

6.      Accordingly, Plaintiffs ask this Court to find the Federal Government's regulation unconstitutional as a direct violation of the First Amendment to the United States Constitution.

## JURISDICTION AND VENUE

7.      The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1361 because this action arises under the Constitution and laws of the United States.  This Court has jurisdiction to render declaratory and injunctive relief under 28 U.S.C. § 2201 and §2202 and 42 U.S.C. § 2000bb.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(c) because no real property is involved, Plaintiffs State of Nebraska, Sister Mary Catherine,

CK, Stacy Molai, Catholic Social Services, Pius X High School, and The Catholic Mutual Relief Society of America are located in Nebraska and the defendants are agencies of the United States or officers thereof acting in their official capacity.

## PARTIES

9.      The State of Nebraska is a sovereign state and protector of the individual freedom, public health, and welfare of its citizens and residents.  Jon Bruning, Attorney General of Nebraska, has been directly elected by the people of Nebraska to serve as their chief legal officer and exercises broad statutory and common law authority to protect the rights of the State of Nebraska and its people.  The State, by and through the Attorney General, has standing to assert the unconstitutionality of the Rule.  He is authorized to appear for the State and prosecute and defend any cause or matter, civil or criminal, in which the State may be a party or interested.  Neb. Rev. Stat. § 84-203.

10.      The State of South Carolina, by and through Alan Wilson, Attorney General of South Carolina, is a sovereign state in the United States of America.

11.      Bill Schuette, Attorney General of Michigan, is bringing this action on behalf of the People of Michigan under Mich. Comp. Law § 14.28, which provides that the Michigan Attorney General may "appear for the people of [Michigan] in any other court or tribunal, in any cause or matter, civil or criminal, in which the people of [Michigan] may be a party or interested." Under Michigan's constitution, the people are sovereign. Mich. Const. art. I, § 1 ("All political power is inherent in the people. Government is instituted for their equal benefit, security, and protection.").

12.     The State of Texas, by and through Greg Abbott, Attorney General of Texas, is a sovereign state in the United States of America.

13.     The State of Florida, by and through Pam Bondi, Attorney General of Florida, is a sovereign state in the United States of America.

14.     The State of Ohio, by and through Michael DeWine, Attorney General of Ohio, is a sovereign state in the United States of America.

15.     The State of Oklahoma, by and through Scott Pruitt, Attorney General of Oklahoma, is a sovereign state in the United States of America.

16.     Plaintiff Sister Mary Catherine, CK is an individual Catholic nun affiliated with the School Sisters of Christ the King, a Catholic order located in Lincoln, Nebraska.

17.     Sister Mary Catherine is covered by a health insurance plan with Blue Cross Blue Shield of Nebraska through the Catholic Diocese of Lincoln, Nebraska.

18.     Health Insurance coverage of services for purposes of contraception, abortifacients, or sterilization is in contravention with Sister Mary Catherine's religious beliefs.

19.     Sister Mary Catherine's health insurance plan has been specifically contracted for to exclude coverage for purposes of contraception, abortifacients, sterilization, and related services.

20.     Sister Mary Catherine will drop her private health insurance coverage if retaining such coverage would result in the subsidization of contraception, abortifacients, sterilization, and related services.

21.     Sister Mary Catherine's current health insurance plan is *not* grandfathered from ACA requirements; accordingly, her plan is subject to the Rule's contraceptive coverage requirements immediately upon the Rule taking effect.

22.     Plaintiff Stacy Molai is a Catholic individual residing in Omaha, Nebraska.

23.     Molai is a Catholic missionary employed by the Fellowship of Catholic University Students ("FOCUS"), a Catholic organization engaged in ministry and outreach on college campuses throughout the United States and around the world.

24.     Molai is covered by a health insurance plan with Cigna through FOCUS.

25.     Coverage of services for purposes of contraception, abortifacients, or sterilization is in contravention with Molai's religious beliefs.

26.     Molai's health insurance plan has been specifically contracted for to exclude coverage for purposes of contraception, abortifacients, sterilization, and related services.

27.     Molai suffers from an incurable chronic illness which requires substantial ongoing care.

28.     Molai's condition requires her to incur medical care and supply costs of $300 to $400 per month.

29.     Molai's condition occasionally necessitates hospitalization and surgery. Each such occurrence incurs costs of $3,000 to $5,000 per event.

30.     Health insurance coverage is critical to Molai in order to avoid financial ruin and possibly life threatening consequences.  However, she would drop such coverage

if it would result in her subsidization of contraception, abortifacients, sterilization, and related services.

31.     Molai's current health insurance plan *is* grandfathered from ACA requirements.

32.     Upon which time Molai or her employer, FOCUS, substantially changes any aspect of Molai's health insurance plan, Molai's plan will immediately become subject to ACA requirements and the contraceptive coverage Rule promulgated pursuant thereto.

33.     Since the ACA's grandfathering exemption does not apply to health insurance plans which substantially change after March 23, 2010, Molai is trapped in her current plan if she wishes to remain grandfathered from ACA requirements.

34.     Plaintiff Catholic Social Services, a Nebraska non-profit corporation, is a faith-based charity services provider and is a Catholic religious organization employer located in Lincoln, Nebraska, Hastings, Nebraska, and other cities.

35.     Catholic Social Services is an affiliated entity of the Catholic Diocese of Lincoln, Nebraska providing social charity to persons in southern Nebraska including housing, food, clothing, financial, refugee, emergency, and other services.

36.     Catholic Social Services employs individuals who seek a structured, systematic formation program centered on the Catholic faith and has more than 50 persons on staff.

37.     Catholic Social Services' purpose is to serve persons of all religious and ethnic backgrounds and is not limited in its provision of services to person who share its religious tenets.

38.     Though Catholic Social Services exists and conducts its ministry pursuant to a religiously-rooted sense of purpose, mission, and duty, its primary operational purpose is not the inculcation of religious values.

39.     Catholic Social Services is covered by a health insurance plan with Blue Cross Blue Shield of Nebraska through the Catholic Diocese of Lincoln, Nebraska.

40.     Health insurance coverage of services for purposes of contraception, abortifacients, or sterilization is in contravention with Catholic teaching and doctrine adhered to and followed by Catholic Social Services.

41.     Catholic Social Services' health insurance plan has been specifically contracted for to exclude coverage for purposes of contraception, abortifacients, sterilization, and related services.

42.     Catholic Social Services will drop its private health insurance coverage if retaining such coverage would result in its subsidization of services for purposes of contraception, abortifacients, sterilization, or related services.

43.     Catholic Social Services' current health insurance plan is *not* grandfathered from ACA requirements; accordingly, its plan is subject to the Rule's contraceptive coverage requirements immediately upon the Rule taking effect.

44.     Plaintiff Pius X Catholic High School ("Pius X") is a Nebraska non-profit corporation and is the sole Catholic high school for the City of Lincoln and the Diocese of Lincoln, Nebraska with an enrollment of more than 1,000 students in grades 9-12.

45.     Pius X employs more than 70 faculty and staff.

46.     Pius X is dedicated to a Christ-centered education that integrates Catholic values in all areas of life and providing academic preparation of the highest quality in a disciplined environment.

47.     Pius X is covered by a health insurance plan with Blue Cross Blue Shield of Nebraska through the Catholic Diocese of Lincoln, Nebraska.

48.     Health insurance coverage for purposes of contraception, abortifacients, sterilization, or other services is in contravention with Catholic teaching and doctrine adhered to and followed by Pius X.

49.     Pius X's health insurance plan has been specifically contracted for to exclude coverage for purposes of contraception, abortifacients, sterilization, and related services.

50.     Pius X's current health insurance plan is *not* grandfathered from ACA requirements; accordingly, its plan is subject to the Rule's contraceptive coverage requirements immediately upon the Rule taking effect.

51.     Plaintiff The Catholic Mutual Relief Society of America ("Catholic Mutual") is a non-profit religious 501 (c)(3) organization with its principle place of business located in Omaha, Nebraska.

52.     Catholic Mutual provides health coverage to its employees through a group health plan.

53.     Catholic Mutual is an equal opportunity employer who seeks highly-qualified and driven employees and does not primarily employ persons who share Catholic Mutual's religious tenets.

54.     Catholic Mutual does not inquire as to the religious affiliation or beliefs of prospective employees.

55.     Although Catholic Mutual exists and conducts its operations pursuant to a religious-rooted sense of purpose, mission, and duty, Catholic Mutual's primary operational purpose is not the inculcation of religious values.

56.     Catholic Mutual does not include coverage of services for purposes of contraception, abortifacients, or sterilization in its employees' health insurance plans.

57.     Coverage of services for purposes of contraception, abortifacients, or sterilization is in contravention with Catholic teaching and doctrine adhered to and followed by Catholic Mutual.

58.     Catholic Mutual's employees are not offered supplemental insurance plans to cover contraception, abortifacients, sterilization, and related services in connection with their primary employer-subsidized health care plans.

59.     Catholic Mutual's health insurance plan for its own employees is currently grandfathered from ACA's requirements.

60.     Since the ACA's grandfathering exemption does not apply to health insurance plans which substantially change after March 23, 2010, Catholic Mutual is trapped in its current plan if it wishes to remain grandfathered from ACA requirements.

61.     Catholic Mutual comprehensively evaluates its employee health plan on an annual basis.

62.     If Catholic Mutual substantially changes certain aspects of its employee health insurance plan, Catholic Mutual will immediately become subject to ACA requirements and the contraceptive coverage Rule promulgated pursuant thereto.

63.     Defendant HHS is an agency of the United States, and is responsible for administration and enforcement of the Rule.

64.     Defendant Kathleen Sebelius is Secretary of HHS, and is named as a party in her official capacity.

65.     Defendant Treasury is an agency of the United States, and is responsible for administration and enforcement of the Rule.

66.     Defendant Timothy F. Geithner is Secretary of the Treasury, and is named as a party in his official capacity.

67.     Defendant DOL is an agency of the United States, and is responsible for administration and enforcement of the Rule.

68.     Defendant Hilda L. Solis is Secretary of DOL, and is named as a party in her official capacity.

## NATURE OF THE ACTION

69.     On February 15, 2012, final rules under a heading titled "Group Health Plans and Health Insurance Issuers Relating to Coverage of Preventive Services under the Patient Protection and Affordable Care Act" (collectively, the "Rule") were promulgated by the Federal Government, ostensibly pursuant to its statutory authority under the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, as amended by the Health Care and Education Act of 2010, Pub. L. No. 111-152 (ACA).  77 Fed. Reg. 31, 8725.

70.     The Rule was definitively and formally promulgated by publication in the Federal Register as a "Final Rule;" there is no hint that the Rule is informal, tentative, that it is only the ruling of a subordinate official, or that full compliance with the Rule is not expected.  77 Fed. Reg. 31, 8725.

71.     Five days *prior* to formal publication of the Rule in the Federal Register, HHS unilaterally issued non-regulatory Guidance ostensibly claiming the Federal Government will abide by a "temporary enforcement safe harbor" for the Rule until the first plan year that begins on or after August 1, 2013.  Centers for Medicare & Medicaid Services, U.S. Dept. of Health & Human Services, *Guidance on the Temporary Enforcement Safe Harbor for Certain Employers, Group Health Plans and Group Health Insurance Issuers with Respect to the Requirement to Cover Contraceptive Services Without Cost Sharing Under Section 2713 of the Public Health Service Act, Section 715(a)(1) of the Employee Retirement Income Security Act, and Section 9815(a)(1) of the Internal Revenue Code*, Feb. 10, 2012 (the "Guidance") (available at

http://cciio.cms.gov/resources/files/Files2/02102012/20120210-Preventive-Services-Bulletin.pdf).

72.    Notwithstanding the Federal Government's unilateral imposition of a "one-year safe harbor from enforcement" of the Rule, Plaintiffs are at risk of imminent and irreparable injury from the operation of the Rule upon its effective date of April 16, 2012.

73.    No discernible statutory or regulatory obstacle exists barring the Federal Government from unilaterally *withdrawing* its promise of a "one-year safe harbor from enforcement" of the Rule, upon which time Plaintiffs would suffer immediate irreparable harm; accordingly, this Court enjoys the authority to adjudicate Plaintiffs' claims *now*.

74.    Notwithstanding Plaintiffs' ability or inability to qualify for the Federal Government's unilateral promise of a "one-year safe harbor from enforcement" of the Rule, Plaintiffs will *absolutely* be required to comply upon the expiration of the safe harbor on August 1, 2013.

75.    The Rule represents an unprecedented encroachment on the liberty of individuals, like Plaintiffs Sister Mary Catherine, CK, and Molai, residing in Plaintiffs' States, by mandating that all non-exempt religious organization employers subsidize coverage for contraceptives, sterilization, and related patient education and counseling. The subsidization of such services is contrary to Plaintiffs Sister Mary Catherine, CK's and Molai's religious beliefs.

76.    As a result of the Rule's compulsory violation of Plaintiff Sister Mary Catherine, CK's religious beliefs, Plaintiff Sister Mary Catherine, CK, who has health

insurance, will opt out for moral and religious reasons. Provided no other options than Medicaid or the state-based health insurance exchange, which also will provide coverage conflicting with her beliefs, Plaintiff Sister Mary Catherine, CK will be forced to pay civil penalties and forego health insurance altogether.

77.    The Rule represents an unprecedented encroachment on the liberty of religious organization employers, including Plaintiffs Catholic Social Services, Pius X Catholic High School, and Catholic Mutual, operating in Plaintiffs' States, by mandating that Plaintiffs Catholic Social Services, Pius X High School, and Catholic Mutual subsidize coverage for contraceptives, sterilization, and related patient education and counseling.

78.    The Rule's religious employer exemption is insufficiently narrow as it fails to cover a significant number of religious organizations who do not "primarily serve… persons who share [their] religious tenets", do not "primarily employ persons who share their religious tenets", or do not have "the inculcation of religious values" as their primary operational purpose.

79.    Were Plaintiffs Catholic Social Services, Pius X Catholic High School, and Catholic Mutual to attempt to gain the religious employer exemption, it would be necessary for Catholic Social Services, Pius X Catholic High School, and Catholic Mutual to begin inquiring into the religious affiliation and beliefs of prospective employees – a practice in which Catholic Social Services and Catholic Mutual currently do not currently engage.

80.     Plaintiff Pius X Catholic High School has previously, in the context of certain generally applicable employer mandates promulgated by the Federal Government, enjoyed the certainty of broad religious employer exemptions which protected Pius X Catholic High School from being directed to take or subsidize action in contravention with Catholic teaching and doctrine adhered to and followed by Pius X Catholic High School.

81.     Due to the insufficiently narrow nature of the religious employer exemption to the Rule challenged herein, Plaintiffs, including Pius X Catholic High School, face great uncertainty in determining whether they will enjoy the same religious employer exemptions from government mandates as they have in the past.

82.     In the event Plaintiffs Catholic Social Services, Pius X Catholic High School, and Catholic Mutual's health insurance plans are no longer grandfathered plans, the Federal Government has provided two ways in which Plaintiffs can circumvent the Rule's requirements: declining to provide health insurance altogether and face a stiff per-employee penalty or satisfying all of the criteria to qualify for a "religious employer" exemption.

83.     Plaintiffs are not eligible for the Federal Government's insufficiently narrow religious employer exemption to the Rule, based on the Federal Government's stated intent to exclude hospitals, schools, and universities and because Plaintiffs do not clearly satisfy *all* of the exemption's rigid conjunctive requirements.

84.     As a result of the Rule's compulsory violation of religious organization employers' religious beliefs, religious organization employers in Plaintiff States, such as

16

Plaintiffs Catholic Social Services and Catholic Mutual, may simply cease the provision of health insurance coverage to their employees, rather than subsidize conduct and services in violation of their beliefs.

85.     If religious organization employers were to cease provision of health insurance in order to avoid the requirements of the Rule, an immediate and substantial spike in the number of enrollments in Plaintiff States' Medicaid programs would result, as many impacted employees would invariably shift to Medicaid to remain in compliance with the ACA's individual coverage mandate.

86.     Plaintiff States' Medicaid programs are already facing the acute strain of dramatically increased enrollments due to the ACA's individual coverage mandate. Forcing another round of enrollments will compound this problem and further threaten Plaintiff States' budgetary stability.

87.     In addition, religious organization employers operating in Plaintiffs States will cease providing charitable services to persons who do not share their religious tenets, in an effort to qualify under the Religious Employer Exemption.  Those people no longer served by such charitable services will place further pressure on Plaintiff States' Medicaid programs as they inevitably increase reliance on public resources for support.

88.     To the extent Plaintiffs are currently grandfathered from ACA requirements and the contraceptive coverage Rule promulgated pursuant thereto, those Plaintiffs are effectively trapped in their current plans if they wish to remain grandfathered; *any* substantial modification of their health insurance plans will bring them under the ACA's requirements and the Rule's contraceptive coverage coercion.

17

89.     Given that the Federal Government itself has conceded that employers and individuals will inevitably find it necessary to make substantial modifications to health insurance plans, particularly in light of spiraling costs and a fluctuating regulatory environment, it is readily apparent that currently-grandfathered Plaintiffs will lose their exemption from ACA requirements in the foreseeable future; it is unrealistic to presume they can remain grandfathered in perpetuity.

90.     Plaintiffs have no adequate remedy at law.

## CAUSES OF ACTION

## COUNT ONE

## VIOLATION OF THE FIRST AMENDMENT
### FREE SPEECH CLAUSE
(First Amendment to the United States Constitution)

91.     Plaintiffs reallege, adopt, and incorporate by reference all preceding paragraphs as though fully set forth herein.

92.     The compelled subsidization of beliefs, with which Plaintiffs do not agree, violates the freedom of speech provided by the First Amendment to the United States Constitution.

93.     The Rule further violates the First Amendment because it compels Plaintiffs to subsidize conduct in violation of their moral and religious beliefs.

94.     The Rule also violates the First Amendment by prohibiting Plaintiffs from expressing a message in accordance with their beliefs.

## COUNT TWO

### VIOLATION OF THE FIRST AMENDMENT
### FREE EXERCISE CLAUSE
### (First Amendment to the United States Constitution)

95.     Plaintiffs reallege, adopt, and incorporate by reference all preceding paragraphs as though fully set forth herein.

96.     The Rule violates the Free Exercise Clause of the First Amendment by negating the right of Plaintiffs to act in accordance with their beliefs.

97.     Defendants have created categorical exemptions and individualized exemptions to the Rule.

98.     The Rule furthers no compelling governmental interest.

99.     The Rule is not the least restrictive means of furthering Defendants' stated interests.

100.    The Rule imposes a substantial burden on Plaintiffs' religious exercise.

101.    The Rule coerces Plaintiffs to change or violate their religious beliefs.

102.    The Rule chills Plaintiffs' religious exercise.

103.    The Rule exposes Plaintiffs to substantial fines for its religious exercise.

104.    The Rule violates the Free Exercise Clause of the First Amendment by negating the right of Plaintiffs to freely practice their religious beliefs without government interference.

## COUNT THREE

### VIOLATION OF THE FIRST AMENDMENT
### FREEDOM OF ASSOCIATION CLAUSE
### (First Amendment to the United States Constitution)

105.   Plaintiffs reallege, adopt and incorporate by reference all preceding paragraphs as though fully set forth herein.

106.   The Rule violates the Freedom of Association Clause of the First Amendment by negating the rights of Plaintiffs to organize voluntary religious associations by forcing Plaintiffs to associate with an ideology that violates their religious beliefs.

107.   The Rule violates the Freedom of Association Clause of the First Amendment by negating the rights of Plaintiffs to organize voluntary religious associations that serve persons of other beliefs.

## COUNT FOUR

### VIOLATION OF THE RELIGIOUS FREEDOM RESTORATION ACT
### (42 U.S.C. § 2000bb)

108.   Plaintiffs reallege, adopt, and incorporate by reference all preceding paragraphs as though fully set forth herein.

109.   The Rule works a substantial burden on the Plaintiffs' ability to freely practice their religion, in violation of the Religious Freedom Restoration Act ("RFRA"). 42 U.S.C. § 2000bb.

110.   The Rule chills Plaintiffs' religious exercise.

111.   The Rule exposes Plaintiffs to substantial fines for its religious exercise.

112.    The Rule's "religious employer" exemption violates RFRA because the exemption would require the government to troll through an organization's religious beliefs to determine whether the organization is religious enough to be exempt from the Rule's dictates.

113.    The Rule furthers no compelling governmental interest and is not narrowly tailored to any compelling governmental interest.

114.    The Rule is not the least restrictive means of furthering Defendants' stated interests.

115.    The Rule's compulsory funding of contraceptives is a substantial burden upon the Plaintiffs because it impermissibly interferes in matters of church faith and doctrine.

116.    The Rule puts substantial pressure on religious adherents to modify religious beliefs and behavior in order to comply with the Rule's mandates.

117.    The Rule is a substantial burden on the rights of Plaintiffs to freely exercise religion because it forces them to subsidize contraceptives in violation of their religious beliefs.

WHEREFORE, Plaintiffs respectfully request that the Court:

A.    Declare the Rule to be in violation of the First Amendment to the Constitution of the United States;

B.    Declare the Rule to be unlawful pursuant to the Religious Freedom Restoration Act;

C.     Declare Defendants to have violated the Plaintiffs' constitutional rights, as aforesaid;

D.     Enjoin Defendants and any other agency or employee acting on behalf of the United States from enforcing the Rule against the Plaintiffs, their citizens and residents, and any of their agencies or officials or employees, and to take such actions as are necessary and proper to remedy their violations deriving from any such actual or attempted enforcement; and

E.     Award Plaintiffs their reasonable attorney's fees and costs, and grant such other relief as the Court may deem just and proper.

## COUNT FIVE

### DECLARATORY JUDGMENT
### (28 U.S.C. § 2201)

118.   Plaintiffs, including State Plaintiffs whose Medicaid and regulatory responsibilities will be severely affected by the Rule,  reallege, adopt, and incorporate by reference all preceding paragraphs as though fully set forth herein.

119.   There is an actual controversy of sufficient immediacy and concreteness relating to the legal rights and duties of the Plaintiffs and their legal relations with the Defendants to warrant relief under 28 U.S.C. § 2201.

120.   The harm to the Plaintiffs as a direct result of the Rule is sufficiently real and imminent to warrant the issuance of a conclusive declaratory judgment clarifying the legal relations of the parties.

WHEREFORE, Plaintiffs respectfully request that the Court:

A.      Declare the Rule to be in violation of the First Amendment to the Constitution of the United States;

B.      Declare the Rule to be unlawful pursuant to the Religious Freedom Restoration Act;

C.      Declare Defendants to have violated the Plaintiffs' constitutional rights, as aforesaid;

D.      Enjoin Defendants and any other agency or employee acting on behalf of the United States from enforcing the Rule against the Plaintiffs, their citizens and residents, and any of their agencies or officials or employees, and to take such actions as are necessary and proper to remedy their violations deriving from any such actual or attempted enforcement; and

E.      Award Plaintiffs their reasonable attorney's fees and costs, and grant such other relief as the Court may deem just and proper.

Respectfully submitted,

**STATE OF NEBRASKA, JON BRUNING**
**ATTORNEY GENERAL OF NEBRASKA**

**ALAN WILSON,**
**ATTORNEY GENERAL OF SOUTH CAROLINA**

**BILL SCHUETTE**
**ATTORNEY GENERAL OF MICHIGAN**

**GREG ABBOTT**
**ATTORNEY GENERAL OF TEXAS**

**PAMELA JO BONDI**
**ATTORNEY GENERAL OF FLORIDA**

**MICHAEL DeWINE**
**ATTORNEY GENERAL OF OHIO**

**SCOTT PRUITT,**
**ATTORNEY GENERAL OF OKLAHOMA**

**SISTER MARY CATHERINE, CK,**

**STACY MOLAI,**

**CATHOLIC SOCIAL SERVICES,**

**PIUS X CATHOLIC HIGH SCHOOL, and**

**THE CATHOLIC MUTUAL RELIEF**
**SOCIETY OF AMERICA,**

**Plaintiffs.**

BY:    JON BRUNING, #20351
        Attorney General


BY:    *s/ Katherine J. Spohn*
        David D. Cookson, #18681
        Chief Deputy Attorney General
        Katherine J. Spohn, #22979
        Special Counsel to the Attorney General
        2115 State Capitol
        Lincoln, NE  68509-8920
        Phone (402) 471-2682
        david.cookson@nebraska.gov
        katie.spohn@nebraska.gov


BY:    *s/ Rocky C. Weber*
        Rocky C. Weber, #18190
        Crosby Guenzel LLP
        134 S. 13th Street, Suite 400
        Lincoln, Nebraska 68508
        Phone (402) 434-7300
        rcw@crosbylawfirm.com

By:     *Donald G. Blankenau*
        Don Blankenau, #18528
        Blankenau Wilmoth, LLP
        206 South 13th Street, Suite 1425
        Lincoln, NE 68508
        Phone (402) 475-7080
        don@aqualawyers.com

        *Attorneys for Plaintiffs*.

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
The State of Nebraska; Sister Mary Catherine, CK; Stacy Molai; Catholic Social Services; Pius X Catholic High School; The Catholic Mutual Relief Society of America; additional parties (see attached)

**DEFENDANTS**
U.S. Dept. of Health and Human Services; Kathleen Sebelius, Secretary; U.S. Dept. of the Treasury; Timothy F. Geithner, Secretary; U.S. Dept. of Labor; Hilda L. Solis, Secretary

**(b)** County of Residence of First Listed Plaintiff    Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

(see attached)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES   *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S. Constitution Amendment I and 42 U.S.C. 2000bb
Brief description of cause:
Challenge to Constitutionality of Group Health Plans and Health Insurance Insurers Rule

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE    02/23/2012

SIGNATURE OF ATTORNEY OF RECORD    *Katherine J Spohn*

FOR OFFICE USE ONLY

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

I.      (a) PLAINTIFFS: (*in addition to Plaintiffs already listed on Civil Cover Sheet*)

State of South Carolina, by and through Alan Wilson, Attorney General of South Carolina; State of Michigan, by and through William Schuette, Attorney General of Michigan; State of Texas, by and through Greg Abbott, Attorney General of Texas; State of Oklahoma, by and through E. Scott Pruitt, Attorney General of Oklahoma; State of Florida, by and through Pamela Jo Bondi, Attorney General of Florida; and State of Ohio, by and through Mike DeWine, Attorney General of Ohio;

(c) ATTORNEYS: (*Firm Name, Address and Telephone Number*)

Jon C. Bruning
Attorney General of Nebraska
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509
Telephone: (402) 471-2683

E. Scott Pruitt
Attorney General of Oklahoma
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921

Alan Wilson
Attorney General of South Carolina
P.O. Box 11549
Columbia, SC 29211
Telephone: (803) 734-3656

Rocky C. Weber
Crosby Guenzel LLP
134 S. 13th Street, Suite 400
Lincoln, Nebraska 68508
Telephone: (402) 434-7300

William Schuette
Attorney General of Michigan
P.O. Box 30212
Lansing, MI 48909-0212
Telephone: (517) 373-1113

Pamela Jo Bondi
Attorney General of Florida
The Capitol, PL-01
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300

Greg Abbott
Attorney General of Texas
P.O. Box 12548
Austin, TX 78701
Telephone: (512) 936-2902

Don Blankenau
Blankenau Wilmoth, LLP
206 South 13th Street, Suite 1425
Lincoln, NE 68508
Phone (402) 475-7080

Mike DeWine
Attorney General of Ohio
150 East Gay Street, 20th Floor
Columbus, OH 43215-3428
Telephone: (614) 728-5458